### CHAS. FLEISCHMAN v. M. M. SHOEMAKER ET AL.

1. FAILURE OF BILL OF EXCEPTIONS TO CONTAIN THE CHARGE OF THE TRIAL COURT.

When at the close of the evidence in a case, the court at the request of the defendant charged the jury to return a verdict for him, which was done, and this action only appears upon the journal of the court, with an exception thereto, and no bill of exceptions was taken showing such ruling of the court or any exception taken thereto, though a bill of exceptions was filed certified to contain all the evidence given in the case,—on proceedings in error the reviewing court cannot properly consider whether the charge of the court to the jury was correct—such charge or the exception thereto not appearing in the bill of exceptions, which is the only mode by which a ruling of that kind can properly appear upon the record.

2. FAILURE OF BILL OF EXCEPTIONS TO RECIT   OR STATE THE VERDICT OF THE JURY.

When such a bill of exceptions does not recite or state the verdict of the jury—the fact that there was a motion for a new trial, that it was overruled and exceptions taken, or a judgment on the verdict, but all of these facts *do* properly elsewhere appear upon the record, the reviewing court is bound to consider the question (if presented by the motion for a new trial) whether the verdict was against the weight of the evidence.

3. ACTION AGAINST TWO PERSONS AS SURVIVING EXECUTORS OF THE WILL OF   DECEASED PERSON.

Where an action is brought against two persons as surviving executors of the will of a deceased person, representing that the testator at the time of his death was the owner of certain real estate, and that by his will he had authorized the three executors to sell the same, and that they as executors under and by virtue of the terms of said will. had contracted in writing with the plaintiff to convey the same to him, in consideration of a certain sum of money to be paid them, and the conveyance to them of another

piece of property owned by the plaintiff—that afterwards one of said executors died, and that the plaintiff had tendered performance of the contract on his part, but that the surviving executors had refused to comply with their part of the contract, and a judgment was asked for against the defendants as executors for $20,000, his damages, and it appeared from the evidence that the contract had not in fact been signed by the deceased executor or by his authority—*Held:* That the plaintiff in such case has no right to recover in this action against the surviving executors as such, for two reasons: *First,* that the contract was not executed by *all* of the executors, and *second,* because they were not authorized to make a contract for the exchange of lands.

4. FAILURE TO SHOW A RIGHT TO RECOVER AGAINST A SURVIVING EXECUTOR.

On failure to show a right to recover against the surviving executors in their representative capacity, on a claim so asserted against them, the plaintiff was not authorized to treat the case as one brought against the defendants as individuals. And the court was not bound to allow him to amend his petition in this respect, because it was not shown to be in furtherance of justice, and would have substantially changed the nature of the claim of the plaintiff.

5. CLAIMS AGAINST A PERSON IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY AS EXECUTOR CANNOT BE JOINED.

It is the clear rule of the law, that when a suit is brought against a person, seeking to charge him in his individual capacity, if it be on a contract on which the defendant is, or can be liable as such, he may also be so held, although he may be named in the petition as executor, administrator, or trustee, and the instrument on which suit is brought may be signed by him as such—the addition of such descriptive words to the name of the defendant, either in the petition or to the signature affixed to such instrument, may be considered simply as a description of the person sued, and not of the character in which he is sued, or they may be treated as surplusage. But the plaintiff cannot recover against persons individually, who are described as executors, and where the evident object and intent of the petition is to hold them in their representative capacity, as to a matter in which they could bind the estate of their testator.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The errors assigned in the petition in this case are:

First, that the court erred in admitting and rejecting evidence; second, in instructing the jury to render a verdict for the defendants; and, third, in overruling the motion filed for a new trial, on the ground that the verdict thus rendered was against the law and the evidence.

It is objected, however, by the counsel for defendants, that two of these assignments of error cannot properly be considered by the court, for the reason that the same are not legally presented by the record of the case, or by the bill of exceptions.

The facts as to this matter are these: At the trial of the case, both parties having offered their evidence, the counsel for the defendants asked the court to charge the jury to return a verdict for the defendants. This request appears in the journal entry, which then goes on to state, "that the court did so charge the jury, being of the opinion that the defendants were not liable as executors of R. M. Shoemaker, deceased, so as to charge the assets of the estate, and for the default in the execution whereof, they had no power to charge the estate, and that if liable as individuals their liability was not in contract." To this action the plaintiff excepted, and moved the court to "make such amendment as would conform to the pleadings," which motion was overruled and plaintiff excepted, and thereupon the court charged the jury to return a verdict for defendants, which was done, and exception taken. The plaintiff then filed a motion for a new trial on the grounds of such action by the court, and that the verdict was against the law and the evidence, which was overruled, and exception taken. All of this action of the court is shown by the journal entry alone. A bill of exception was then signed by the court, certified to contain all the testimony offered, with exceptions taken to the ruling of the court on the introduction of evidence; but the bill itself, contains no charge of the court, or direction of the court to the jury to return a verdict for the defendants, or any exception thereto, or any mention of the verdict, or of the motion for a new trial, or exception to the overruling thereof.

The first inquiry then is, can we now properly consider the question whether the action of the court as shown by the journal entry was correct ; and, second whether we can, under the facts in the case, determine whether the verdict was against the weight of the evidence.

Manifestly the trial judge was only authorized to direct a verdict for the defendants, if there was a failure on the part of the plaintiff to offer evidence to prove every fact that he was bound to prove to entitle him to recover. Or, if, after such proof had in the first instance been offered by plaintiff, the evidence of the defendants set up, and clearly established a substantial independent defense, as by way of confession and avoidance, and when such evidence is either admitted to be true, or is wholly undenied by that of the plaintiff. And if on the record so presented, we are entitled to treat this as a case in which an exception to what is said to be the charge of the court, is properly saved and presented, the question on this point would be, did the evidence of the plaintiff *tend* to prove all that he was bound to prove.

Under the decision of the supreme court in the case of Lockhart v. Brown, 31 O. S., 431, it seems clear to us, that the only mode in which the correctness of a charge given to the jury, or a refusal to give a charge, can be reviewed on a proceeding in error, is by putting the charge, as given or refused, with the proper exception to it, into a bill of exceptions. And the court in that case expressly holds, that exceptions can only be properly taken upon the journal, to a *decision* which the law requires to be entered thereon. And that it is not a proper practice to incorporate into a journal entry a series of charges which the court refused to give, or a charge as given, or an exception to such action of the court, for that is not such a decision as is contemplated by sec. 5300, Rev. Stats.; and to avail anything, such action of the court with the exception thereto must come upon the record, if at all, by means of a bill of exceptions.

In the next place, can we rightfully consider whether the verdict is against the weight of the evidence, and therefore that a new trial should have been granted? Or are we prevented from so doing, because the bill as taken does not recite the filing of the motion for a new trial, the overruling of it by the court, and contain an exception made by plaintiff to such ruling?

This is a question which has been suggested in argument to us once or twice, and it is apparent that members of the profession have different views upon the subject ; and we have heard that some one of the courts of the state has held that it is necessary that these matters should appear upon the face of the bill itself.

We, however, are of the opinion that this is not necessary. While it is the usual and natural way to recite in the bill the fact of the verdict or judgment, the motion for a new trial, and that it was overruled by the court, and exception taken thereto, yet as the statute, sec. 5334, requires that all verdicts, orders, and judgments, with the exceptions taken thereto, shall go upon the journal of the court, and the motion for a new trial must be a part of the record of the case, that it is not essential that these facts, or any one of them, should again appear in the bill, the object of which is to bring upon the record that which is not already, by the law, a part of it. And in this case, all of these matters do appear somewhere upon the record, outside of the bill of exceptions, and in their proper place, together with the fact that the bill was duly signed and allowed by the court and filed. We think, then, that we are not at liberty to refuse to examine the bill thus filed, to see whether the verdict was sustained by the evidence.

To determine this question, we must first look at the pleadings in the case, to ascertain the issues made between the parties.

In his petition, the plaintiff, who sues Michael M. and Robt H. Shoemaker, as the surviving executors of the will of R. M. Shoemaker, deceased, says in substance that the defendants are the duly qualified executors of the will of said deceased, who died in February, 1885, owning a fee-simple in the real estate described in the petition ; that they and Murray C. Shoemaker qualified as such

27  C. C.      1

executors, and that afterwards the said Murray died, leaving the other two the sole surviving executors of said will. That by the terms thereof the said executors were fully authorized to sell and convey said real estate, and that the three, on March 16, 1885, " as executors under said will, and by virtue of the powers vested in them thereby," entered into a written contract with plaintiff, a copy of which is set out in the petition, signed by plaintiff and the three Shoemakers, (the latter with the word executors written opposite their names,) the substance of which is, that in consideration of $7,000 cash to be paid to them by the plaintiff, and the transfer by him to them of certain stock of a Brewery Company ; and the conveyance by him to them of another tract of land, they agreed to convey to plaintiff the premises described in the petition. That he fully complied, or tendered performance of the contract on his part, and requested compliance on their part, which was refused to his damage $20,000, for which he sought a judgment against the defendants, as surviving.executors of the will of Shoemaker, deceased.

The answer, first, admits that R. M. Shoemaker at his death owned the premises in question, and admits the allegations of the petition as to the will, and the executorship and denies all the other averments thereof. It also sets up several other defenses, but we do not deem it necessary to further mention them.

On the issues made, trial was had before the court and a jury, with the result before mentioned.

The evidence offered by the plaintiff clearly showed that the contract was never signed by Murray C. Shoemaker, one of the three executors of the will, then acting as such, and it was not shown that any one was authorized by him, to sign it for him.

Counsel for the plaintiff in error have not claimed to us in argument, that the signing of the contract by two of the three executors, operated to bind the estate of the testator, and thereby to give the plaintiff a right to have this contract specifically executed, or to recover damages from the estate on a breach of it.

It seems clear, that two of three executors, upon all of whom a power of sale is conferred by a will (all being alive and acting as such executors), are not authorized so to do. See Story's Equity, 1062 ; Perry on Trusts, 769.

And it is equally clear, that even if all three of these executors had signed this contract, they could not legally have imposed such an obligation upon the estate they were representing. As held in Taylor v. Galloway, 1 O., 232, "Power given by a will to executors to *sell* lands, does not authorize an exchange or barter of lands, but a sale for money only." And in Cleveland v. Bank, 16 O., 236, " a power simply to sell, does not include or imply a power to dispose of the same by exchange or barter."

On either of these grounds, then, the plaintiff on his own evidence showed that he had no right to recover a judgment against the surviving executors, to be levied *de bonis testatoris*.

But the claim is made by the counsel for the plaintiff in error, that conceding this to be so, it is plain, that on the facts shown, the plaintiff was entitled to a judgment for some amount, against the defendants individually—and that all of the allegations of the petition which seem to present a claim against the estate which they represent, or against them as executors, might and should under the law, be considered as surplusage, and that the court should have allowed him at all events, to amend his pleadings to conform (probably to the evidence produced), though the journal entry of the motion, which is all that appears on the subject, does not specifically show such to be the case.

Did the court err in refusing to allow an amendment to be made ? In the first place it may be answered, that it is not shown with any certainty, what amendment was desired. To make his exception to this ruling of any avail, the amendment he wished to make, should have been reduced to writing and presented to the court, so that it might be distinctly known what it would be; or it should have been otherwise pointed out with certainty. In the next place, we

suppose that the granting of the leave to amend, is largely within the discretion of the court, and to constitute error in refusing it, it must appear that the discretion was abused, and further that the amendment would be in furtherance of justice, and that it would not substantially change the claim of the plaintiff, neither of which facts appear in this case.

Was it then, as a matter of law, the absolute duty of the court (no amendment of the petition having been made), wholly to disregard the manner in which the claim of the plaintiff was presented, viz.: as one against the estate alone, and allow the case to go to the jury as a claim against the defendants as individuals, or on the motion for a new trial to find, on the pleadings and evidence, that the verdict was against the law and the evidence.

As we have before intimated, in our judgment the claim made on the face of the petition, is not one against the defendants as individuals, but is clearly against them in their representative capacity. The allegations of the petition are, that the real estate was owned by the testator at his death—that the three sons were the executors of his will, and by its terms authorized to sell the real estate—and that they did contract so to do, by virtue of the powers vested in them by the will. That he tendered performance on his part to the two surviving executors, and he ask for a judgment against them as such.

We understand it to be settled in Ohio, by the decisions of our supreme court, (and such seems to be the general doctrine of the law), that where an action is brought, the object of which is to charge the defendant individually, that although he may be named in the petition as executor, administrator or trustee, and the instrument on which suit is brought may have been signed by him as such, yet if it be a contract on which the defendant is, or can be liable as an individual, the addition of such descriptive words to the name of the defendant, either in the petition, or to his signature affixed to the instrument sued on, may be considered simply as a description of the *person* sued, and not of the *character* in which he is sued, or they may be treated as surplusage.

This is clearly held in Waldsmith v. Waldsmith, 2 O., 156, also in the cases Duvall v. Craig, 2 Wheaton, 45, and Sumner v. Williams, 8 Mass., 162, all of which are greatly relied upon by counsel for plaintiff in error, and also in Titus v. Kyle, 10 O. S., 444. But this is the extent to which they go — they were all cases in which the claim was asserted against the defendants as individuals, and did not seek a recovery against the estates they represented, or against the defendants in their representative capacity.

Thus, in the case of Waldsmith v. Waldsmith, 2 O. S., 156, which was an action against the defendants as administrators of an estate, describing them as such, by distributees to recover the amount found due to them on a settlement of the administrator's account, and alleging a promise by them to pay, or an obligation to pay, the court while announcing the rule which I have stated, says: "No person can read the declaration, and notice the manner in which the liability of the defendants arose, without discovering at once the *character* in which it is *intended to charge them*. As administrators of the deceased they received and disposed of the property, paid the debts and settled with the court. These transactions were authorized and required by the letters of administration —they form a part of the plaintiff's title, and it was proper to set them out in the declaration; but as they show an individual liability, the judgment must be *de bonis pro priis*.

In the case of Duvall v. Craig, *supra*, the writ issued against the defendants as *individuals*. In the declaration afterwards filed, it was alleged that they covenanted as trustees. It was objected that there was a variance between the writ and the declaration, and that the judgment against the defendants as individuals was wrong. But the court, Judge Story delivering the opinion, held that it was a claim against them as individuals, and that the judgment against them as such was proper—that the addition of the words "as trustees" in the declaration, or attached to the signature of the defendant to the deed, was

mere matter of description, and did not effect the rights or remedies of the other party. ·

The case of Sumner v. Williams, 8 Mass., 162, was also of the same character, and the same ruling was made. One of the judges announcing an opinion goes so far as to hold, that although it was entirely evident from the contract offered in evidence, that the defendants did not intend to bind themselves as individuals, or the plaintiff to rely upon them as such, yet as they had no power to bind the estate which they were administering by such a contract, they bound themselves and must be held liable. This was vigorously denied by one of the other judges in an able opinion, and some later cases to which we have been referred, are in direct conflict with it.

In the case of Titus v. Kyle, 10 O. S., 445, in which the note sued on was signed by the makers as directors of a turnpike company, and where, as stated in the report, "it was sought to charge the makers in their individual capacities," the court upheld the judgment so rendered against them.

But all these cases differ from the one under consideration here in this—that they sought to charge the defendants as individuals, and here the claim is against them as executors. That a person may bring an action against a defendant in his representative character, on contracts made by him as such, and recover against him in that capacity, seems now to be established as the law. Formerly the doctrine seemed to be, that in an action brought against an executor or administrator, on a promise made by him, he was liable only as an individual. But as stated in Williams on Executors, page 1870, "the more modern authorities have established, that in several instances, the executor may be sued as exetutor on a promise made by him as such, and that a declaration, founded on such a promise, will charge him no further than on a promise of the testator."

Having a right then to seek to charge the executors in their representative capacity, and having elected to do so in this case, and having failed to show any right to recover against them as such, is there any principle of law which authorizes a plaintiff to wholly change his ground, and ask to recover against the defendants as individuals?

We think not, and assuredly such is the case unless he had been allowed to amend his petition; but this was refused, and properly as we think, for the reason that it would have substantially changed the claim of the plaintiff. A claim against the defendant in his individual, and one against him in a representative capacity, can not be joined, any more than you can join two defendants on wholly separate and distinct causes of action.

That such a change can not properly be made during the progress of a suit, we think is clearly held in Austin v. Munro, 47 N. Y., 360. The syllabus of the case on this point is this: "In an action brought against defendants as executors, and where the form of the complaint, the substantial averments therein, and the relief demanded, characterize the action as against defendants in their representative capacity, upon demurrer the action can not be converted into one against defendants individually." Whether, if this action had been against the defendants individually, they could have recovered on the evidence submitted, if they had complied with the contract on their part, or tendered performance, is not a question before us.

But we have grave doubts whether under the evidence offered they could do so. If this is the individual contract of the Shoemakers who signed the contract, ought not the deed which the evidence shows was tendered by plaintiff to the two as surviving executors, have been made to them and to the heirs at law of Murray C. Shoemaker? The contract does not stipulate that it was to be made to them as executors; if it did, it would have been complied with by a tender of a conveyance to the two as surviving executioners, in the form in which it was tendered. But if it was an individual contract, and the simple provision was (as appears to be the case), that it was to be made by plaintiff to the other party to the contract, we think there was not a legal tender of performance.

Some exceptions were taken to the ruling of the court allowing one of the defendants to testify whether he intended to bind himsell as an individual, or as executor by the signing of the contract. We think under the authorities it was admissible on an issue of this kind, and if there be any doubt on this point, still no prejudice could have resulted to plaintiff, for as we have found, on his own evidence, he was not entitled to recover.

The judgment will, therefore, be affirmed.

W. L. Avery and Kramer & Kramer, for plaintiff in error.

Messrs. Kittredge & Wilby and Bentley Matthews, for defendants in error.